1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10  MICHAEL INGRAM,                )     NO. CV 05-1031-CT
                                   )
11               Plaintiff,        )     OPINION AND ORDER
                                   )
12          v.                     )
                                   )
13  JO ANNE B. BARNHART,           )
    COMMISSIONER, SOCIAL SECURITY  )
14  ADMINISTRATION,                )
                                   )
15               Defendant.        )
                                   )
16  _____)

17        For the reasons set forth below, it is ordered that the matter be

18  **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to defendant

19  Commissioner of Social Security ("the Commissioner") for further

20  administrative action consistent with this opinion and order.

21                     **SUMMARY OF PROCEEDINGS**

22        On February 14, 2005, plaintiff, Michael Ingram ("plaintiff"),

23  filed a complaint seeking judicial review of the denial of benefits by

24  the Commissioner pursuant to the Social Security Act ("the Act").   On

25  April 5, 2005, the parties filed a consent to proceed before the

26  magistrate judge.   On June 15, 2005, plaintiff filed a brief in support

27  of the complaint.   On August 12, 2005, the Commissioner filed a brief in

28  opposition to plaintiff's brief.

## SUMMARY OF ADMINISTRATIVE RECORD

1.   Proceedings

On May 19, 2003, plaintiff filed an application for Supplemental Security Income ("SSI") benefits, alleging disability since February 15, 1992, due to poor vision, back problems, shoulder problems, and depression with psychotic features.  (TR 38-40, 47).[1]  The application was denied.  (TR 29-32).

On October 2, 2003, plaintiff filed a request for a hearing before an administrative law judge ("ALJ").  (TR 33).  On April 29, 2004, plaintiff, represented by an attorney, appeared and testified before an ALJ.  (TR 76-116).  The ALJ also considered vocational expert ("VE") testimony.  (TR 106-13).  On October 18, 2004, the ALJ issued a decision that plaintiff is not disabled under the Act because he retains the residual functional capacity ("RFC") to perform a significant range of light work activity and is able to perform the positions of cashier, Dictionary of Occupational Titles ("DOT") No. 211.462-010, assembler, DOT No. 734.687-018, and order clerk, DOT No. 209.567-014.  (TR 11-18).  Thus, plaintiff is not eligible for benefits.  (Id.)

On November 22, 2004, plaintiff filed a request with the Appeals Council to review the ALJ's decision.  (TR 6).  On January 10, 2005, the request was denied.  (TR 3-5).  Accordingly, the ALJ's October 18, 2004 decision stands as the final decision of the Commissioner.  Plaintiff subsequently sought judicial review in this court.

---

[1]"TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

2.   <u>Summary Of The Evidence</u>

The ALJ's decision summarizes some of the evidence in this case and is contained in the transcript of the record of administrative proceedings in this case at TR 11-18.

**PLAINTIFF'S CONTENTIONS**

Plaintiff contends that:

1.   The ALJ failed to properly evaluate plaintiff's visual impairment; and,

2.   The ALJ failed to carry the Commissioner's burden at step five of the sequential evaluation.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards. <u>Macri v. Chater</u>, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), but less than a preponderance. <u>Sandgathe v. Chater</u>, 108 F.3d 978, 980 (9th Cir. 1997).

When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the Court may not substitute its judgment for that of the Commissioner. <u>Flaten v. Secretary of Health and Human Services </u>, 44 F.3d 1453, 1457 (9th Cir. 1995). The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g). Remand is appropriate where additional proceedings would remedy defects in the Commissioner's decision. <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989).

3

**DISCUSSION**

1. <u>The Sequential Evaluation</u>

A person is "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled.  First, it is determined whether the person is engaged in "substantial gainful activity."  If so, benefits are denied.

Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments.   If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

Fourth, if the impairment does not meet or equal a "listed impairment," it is determined whether the impairment prevents the person from performing past relevant work.   If the person can perform past relevant work, benefits are denied.

Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work.   The person is entitled to benefits only if the

4

1  person is unable to perform other work.  20 C.F.R. §§ 404.1520, 416.920;

2  Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

3  2.  Issues

4    A.  Visual Impairment (Issue #1)

5    Plaintiff asserts that the ALJ failed to properly evaluate

6  plaintiff's visual impairment.

7      (1)  Step Two of the Sequential Evaluation

8    Plaintiff contends that the ALJ failed to assess the severity of

9  plaintiff's visual impairment.

10    A severe impairment or combination of impairments is one that

11  significantly limits the physical or mental ability to perform basic

12  work activities.  20 C.F.R. § 416.920(c).  Basic work activities relate

13  to the abilities and aptitudes necessary to perform most jobs, such as

14  the ability to perform physical functions, the capacity for seeing and

15  hearing, and the ability to use judgment, respond to supervisors, and

16  deal with changes in the work setting.  20 C.F.R. § 416.921(b); Bowen v.

17  Yuckert, 482 U.S. at 141-42.  The Ninth Circuit has defined the step-two

18  inquiry as a "de minimis screening device to dispose of groundless

19  claims."  Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001)

20  (citing Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996)).

21    Here, as discussed above, plaintiff alleges that he is disabled in

22  part due to poor vision.  (TR 47).  Prior to the hearing, plaintiff

23  reported in a written statement that his vision now is worse than when

24  he filed his application, and stated that he cannot see.  (Id.)  When

25  the ALJ asked plaintiff at the administrative hearing why he stopped

26  driving, plaintiff testified that he does not drive because he is blind

27  in his right eye.  (TR 83).  Plaintiff explained that he has glaucoma.

28

1  (Id.)  He added that he injured his right eye in 1978 or 1979 when a car
2  battery blew up in his face.  (TR 92).  The impact blinded his right
3  eye.  (Id.)

4       The ALJ did not assess the severity of plaintiff's visual
5  impairment in his written decision.  (See TR 11-18).  Rather, at step
6  two of the sequential evaluation, the ALJ found that plaintiff's
7  osteoarthritis of the left shoulder and lumbosacral spine; major
8  depressive disorder; and, post-traumatic stress disorder ("PTSD")
9  constitute severe impairments as that term is defined under the Act.
10 (TR 13).  The ALJ also noted that plaintiff's treating physician, H.
11 Claude Hudson, M.D., had diagnosed plaintiff as suffering from glaucoma,
12 status post eye trauma, and reduced visual acuity in the left eye.
13 (Id.; see also TR 53).  The ALJ omitted that Dr. Hudson also reported in
14 the same treatment note cited by the ALJ that plaintiff is blind in his
15 right eye due to glaucoma and status post eye trauma.  (TR 53).

16      While Dr. Hudson did not specify the extent of plaintiff's reduced
17 visual acuity in his left eye, consultative physician Pejman Eli
18 Shirazy, M.D., reported that plaintiff's visual acuity in his left eye
19 with pinhole correction is 20/200.  (TR 56).  The ALJ did not mention
20 this finding in his decision.  (See TR 11-18).

21           (2)  Step Three of the Sequential Evaluation
22      Plaintiff further contends that his visual impairment meets and/or
23 equals Listed Impairment Number 2.02, warranting an immediate award of
24 benefits.

25      If the ALJ concludes at step two of the sequential evaluation that
26 the plaintiff's impairments are "severe" within the meaning of the Act,
27 the ALJ proceeds at step three of the sequential evaluation to compare

28

the plaintiff's impairments to the impairments listed in the "Listing of Impairments" set forth in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1. <u>See</u> 20 C.F.R. § 416.920(a)(4)(iii), (d). If any "severe" impairment, or combination of "severe" impairments, meets or equals a listed impairment, the plaintiff is deemed disabled. <u>Id.</u>

The plaintiff's impairment need not precisely meet the criteria of the listing in order to obtain benefits. If the plaintiff's impairment or combination of impairments is medically equivalent to one in the listing, disability is presumed and benefits are awarded. 20 C.F.R. § 416.920(d); <u>Barker v. Secretary of Health & Human Servs.</u>, 882 F.2d 1474, 1477 (9th Cir. 1989). Medical equivalence will be found if the medical findings are at least equal in severity and duration to the listed findings. <u>Marcia v. Sullivan</u>, 900 F.2d 172, 175 (9th Cir. 1990). To determine medical equivalence, the Commissioner compares the symptoms, signs, and laboratory findings concerning the alleged impairment with the medical criteria of the listed impairment. 20 C.F.R. § 416.926(a). The decision is based solely on the medical evidence, which must be supported by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 416.926(b).

In this case, at step three of the sequential evaluation, the ALJ concluded that plaintiff's impairments, either alone or in combination, are not severe enough to meet or medically equal any of the listed impairments. (TR 13). Plaintiff asserts that his visual impairment, which the ALJ failed to assess, meets and/or equals Listed Impairment Number 2.02, which states:

> *Impairment of visual acuity.* Remaining vision in the better eye after best correction is 20/200 or less.

1  20 C.F.R. Pt. 404, Subpt. P, Appendix 1, 2.02.

2      As explained above, plaintiff's treating physician, H. Claude
3  Hudson, M.D., reported that plaintiff is blind in his right eye.  (TR
4  53).  Dr. Hudson's report is consistent with plaintiff's administrative
5  hearing testimony.  (See TR 83, 91-92).  According to the consultative
6  physician, plaintiff's visual acuity in his left eye is 20/200 with
7  pinhole correction.  (TR 56).  Thus, based on the evidence of record, it
8  appears that plaintiff's visual impairment may meet and/or equal Listed
9  Impairment Number 2.02.

10     This court concludes that remand is warranted for further
11 development of the record regarding the severity of plaintiff's visual
12 impairment.   20 C.F.R. Pt. 404, Subpt. P, Appendix 1, 2.00A2 states, in
13 pertinent part:

14     *Visual acuity.*  Loss of visual acuity may result in impaired
       distant vision or near vision, or both.  However, for you to
15     meet the level of severity described in 2.02 ..., only the
       remaining visual acuity *for distance* of the better eye with
16     best correction based on the *Snellen test chart measurement*
       may be used.

17

18 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, 2.00A2 (emphasis added).  Here,
19 it is not clear from the record whether plaintiff's visual acuity in his
20 left eye results in impaired distant vision, near vision, or both.  (See
21 TR 53, 56).  Nor is it clear whether plaintiff's visual acuity of 20/200
22 in his left eye represents his visual acuity for distance, near vision,
23 or both.  (Id.)  Moreover, the record does not indicate the basis for
24 plaintiff's 20/200 visual acuity finding or whether plaintiff was
25 administered the Snellen test chart measurement.  (Id.)

26     Accordingly, remand is warranted.  On remand, the Commissioner
27 should develop the record regarding the severity of plaintiff's visual

28

1   impairment.   The Commissioner should send plaintiff for a comprehensive

2   eye examination that includes administration of the Snellen test chart

3   measurement.    After the Commissioner obtains this additional medical

4   evidence, the Commissioner should determine whether plaintiff's visual

5   impairment is severe as that term is defined under the Act and, if so,

6   whether the impairment meets and/or equals Listed Impairment Number

7   2.02.   If, on remand, the Commissioner concludes that plaintiff is

8   disabled under the Act, the Commissioner should determine the date of

9   onset of disability.

10      B.   ALJ's Step Five Determination (Issue #2)

11      Plaintiff contends that the ALJ failed to carry the Commissioner's

12   burden at step five of the sequential evaluation.    The ALJ assessed

13   plaintiff's RFC as follows:

14          [Plaintiff] retains the [RFC] to perform unskilled simple
            repetitive "low stress" tasks at the light exertional level,
15          can lift/carry and push/pull 50 pounds occasionally and 25
            pounds frequently, can stand/walk for four hours in an eight-
16          hour workday, can occasionally climb ladders and walk on
            uneven terrain, can frequently bend, stoop, crawl, and crouch,
17          can occasionally kneel and squat, has no restrictions for
            sitting, fine manipulation, or gross manipulation, has "mild"
18          limitations in the ability to perform activities of daily
            living, and has "moderate" limitations in the ability to
19          maintain social functioning and the ability to maintain
            concentration, persistence, and pace.

20

21   (TR 14).  Based on this RFC, at step four of the sequential evaluation,

22   the ALJ found that plaintiff is unable to perform any of his past

23   relevant work.   (TR 15).

24      Therefore, at step five, the burden shifted to the Commissioner to

25   show that plaintiff is able to perform other kinds of work.   20 C.F.R.

26   § 416.920; Bowen v. Yuckert, 482 U.S. at 140-42.  At step five, the ALJ

27   determined that plaintiff is able to perform the positions of cashier,

28

1   Dictionary of Occupational Titles ("DOT") No. 211.462-010, assembler,

2   DOT No. 734.687-018, and order clerk, DOT No. 209.567-014.  (TR 18).

3   Plaintiff essentially argues that the ALJ's determination is not

4   supported by substantial evidence and is based on material legal error.

5        As discussed above, this case is being remanded for the

6   Commissioner to evaluate the severity of plaintiff's visual impairment.

7   If the Commissioner determines on remand that plaintiff's visual

8   impairment does not meet and/or equal Listed Impairment Number 2.02, the

9   Commissioner should reassess plaintiff's RFC.  The Commissioner then

10  proceed to step five of the sequential evaluation to consider whether

11  plaintiff is able to perform alternative work activity that exists in

12  significant numbers in the national economy in light of his reassessed

13  RFC.

14                    **REMAND IS APPROPRIATE IN THIS CASE**

15       The decision whether to remand a case for additional evidence is

16  within the discretion of the court.  Sprague v. Bowen, 812 F.2d 1226,

17  1232 (9th Cir. 1987).  Remand is appropriate if the record is incomplete

18  and additional proceedings would remedy defects in the Commissioner's

19  decision.  McAllister v. Sullivan, 888 F.2d at 603.

20       Having considered the record as a whole, it appears that the

21  present record is insufficiently developed.

22                              **CONCLUSION**

23       Accordingly, it is ordered that the matter be **REMANDED** pursuant to

24  sentence four of 42 U.S.C. § 405(g) to the Commissioner for further

25  administrative action consistent with this opinion.

26  //

27  //

28

                                    10

1    This opinion constitutes the court's findings of fact and

2    conclusions of law.

3    DATED: 8/15/05

4                        _____/s/_____

                         CAROLYN TURCHIN
5                        UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                   11